Dye, J.
It appears without dispute that prior to February 1, 1947, and for approximately one year and eight months thereafter, the subject premises had been residential and as such were subject to rent control. During the period October 1, 1948 to January 31,1957 when they were leased for a nonhousing use (a physician’s office)—even though done without objection — their status as a housing accommodation was not destroyed, but merely suspended. The change back from nonhousing to housing, at the end of the nonhousing lease period, created no new housing accommodation in the sense contemplated by the statute but merely had the effect of restoring the space to its original status. Such change back added nothing to the numerical level of housing as it existed on February 1,1947. The mere removal and later reinstallation of items of kitchen equipment were not such a substantial structural alteration or remodeling as to constitute a change in character of the space. Under such *182 circumstances it may not be said that the subject premises were effectively decontrolled within the meaning of the Emergency Housing Rent Control Law (§ 2, subd: 2, par. [g]) and the State Rent and Eviction Regulations (§ 9, subd. 4).
The order should be reversed and the petition dismissed, with costs in this court and in the Appellate Division.
Chief Judge Desmond and Judges Fuld, Fboessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc.